UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SARAH T. WILSON,**                              Chapter 13
    Debtor                              Case No. 05-17557-RS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

### ORDER

Whereas, the Debtor filed a Chapter 13 petition on August 22, 2005; and

Whereas, on April 19, 2006, the Court confirmed the Debtor's Chapter 13 plan; and

Whereas, the order of confirmation provided:

As of December 30, 2005, the Debtor has paid the Chapter 13 Trustee the amount of $4,328.00. The Debtor shall pay the Chapter 13 Trustee the amount of $164.00 per month for 20 months commencing October 1, 2005. On or before the 20th month of the Debtor's Plan, the Debtor shall sell or refinance her real estate located at 24 Tauton Avenue, Mattapan, MA to pay the balance due on her Chapter 13 Plan. The total cost of the Debtor's Chapter 13 Plan is $32,273.86;

and

Whereas, on July 19, 2006, the Debtor filed an amended, post-confirmation Chapter 13 Plan, pursuant to which she proposed to refinance her mortgage and to make a balloon payment of $26,510.37, coupled with a Motion for Approval of Post-Confirmation Amended Plan; and

1

Whereas, on October 11, 2006, the Court entered an order granting the Motion and requiring the Chapter 13 Trustee to submit a proposed confirmation order; and

Whereas, the Court further ordered that "the balloon payment shall be adjusted to fund the balance due on the total const of the plan;" and

Whereas, on October 23, 2006, the Debtor filed a plan modification; and

Whereas, on December 6, 2006, the Court confirmed the Debtor's plan, as modified; and

Whereas, at that time, the total cost of the Debtor's plan was $35,166.37; and

Whereas, on April 14, 2008, after considerable activity in the Debtor's case, including the filing of a motion for relief from stay by Deutsche Bank Nation Trust Company, Trustee, on behalf of The Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3 ("Deutsche Bank"), the Court ordered the Debtor to file an amended plan and a motion to borrow within 30 days; and

Whereas, on July 3, 2008, after obtaining two extensions of time, the Debtor filed a Second Amended Post-Confirmation Chapter 13 Plan, a Motion for Approval of Amended Plan, and a Motion for Leave to Obtain Credit; and

Whereas, in her Motion for Leave to Obtain Credit, the Debtor represented that she was in the process of obtaining a reverse mortgage; and

Whereas, the Chapter 13 Trustee objected to confirmation of the Debtor's Second Amended Post-Confirmation Plan on the grounds that it "does not include payment of the

full amount of secured arrears claim . . . and does not include the Trustee's fee on the full amount of the secured arrears claims [sic]," and she objected to the Motion for Leave to Obtain Credit on the ground that it was premature as the Debtor did not have a commitment letter; and

Whereas, Deutsche Bank also objected to confirmation on the ground that the Debtor failed to provide for the total arrearage on her mortgage; and

Whereas, on September 9, 2008, the Debtor commenced an adversary proceeding against Deutsche Bank and others, in which she sought, *inter alia,* a declaration that Deutsche Bank is not the owner of the mortgage encumbering the Debtor's property, and a finding that the mortgage lien on the Debtor's property is void; and

Whereas, on September 11, 2008, the Court denied the Debtor's Motion for Leave to Obtain Credit, sustained the Deutsche Bank's Objection to Confirmation, and ordered the Debtor to file an amended plan and a renewed borrowing motion within five days after obtaining a commitment from a lender; and

Whereas, the Court took the Chapter 13 Trustee's Objection to confirmation under advisement,

Now, therefore, the Court hereby finds that the Trustee's Objection to Confirmation of the Debtor's Second Amended Post-Confirmation Plan is moot. Although the identical issue with respect to payment of the Trustee's commission may arise in the future in the context of a Third Amended Chapter 13 Plan, at this time there is no justiciable matter before the Court, and it is improper for the Court to issue an advisory opinion.

Accordingly, the Court overrules the Chapter 13 Trustee's Objection without prejudice to renewal.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 28, 2008
cc: David G. Baker, Esq., Amy Lee Lipman-White, Esq., Carolyn Bankowski, Esq.